IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN DEAN STENDAHL,

Plaintiff,

v.

OPINION and ORDER

JESSE TURNER, BRIAN DECKER, TYLER PAUL, RHONDA SACKMANN, ABBY SACKMANN and RAYNE,

25-cv-588-wmc

Defendants.

---

Plaintiff Justin Dean Stendahl, who is representing himself, has filed a complaint under 42 U.S.C. § 1983, alleging that several employees at Taylor County Jail gave him incorrect information about transferring his sentence to a different county, resulting in the transfer being denied. Specifically, he alleges that he was approved to transfer his sentence to Lincoln County and his employer agreed to drive him from Taylor County Jail to Lincoln County Jail, but then Lincoln County rejected the transfer when plaintiff arrived because plaintiff and his employer had stopped at a bank and for lunch on the way to Lincoln County. Plaintiff alleges that none of the defendants told him that he could not stop on the way and thus, sabotaged his transfer.

The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, the court accepts his allegations as true and construes the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiff's allegations do not support any claim for relief that can be brought in federal court.

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citation omitted). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations do not appear to implicate any federal statutes or constitutional provisions. He complains that Taylor County Jail staff failed to inform him that he must drive directly to Lincoln County Jail, without stopping, to guarantee that his transfer be approved. But plaintiff does not have a constitutional or federal statutory right to serve his sentence at a particular jail or in a particular county. *See Martin v. Jackson*, 21 F. App'x 443, 446 (7th Cir. 2001) ("Prisoners do not have a constitutional right to be incarcerated in a particular institution[.]") (citing *Meachum v. Fano,* 427 U.S. 215, 224 (1976).)

In the absence of related federal claims, this court has jurisdiction over state law claims only if diversity jurisdiction exists under 28 U.S.C. § 1332. Under that statute, jurisdiction exists if (1) the amount in controversy exceeds $75,000 and (2) the parties are of diverse citizenship, meaning that no plaintiff may be from the same state as any defendant. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for lack of jurisdiction. *Id.* Here, plaintiff alleges that he and defendants all live in Wisconsin. Therefore, diversity jurisdiction is not present. Nor has plaintiff pleaded that there is more than $75,000 in controversy. Thus,

plaintiff may be able to proceed with his state law claims in a state court, but not in federal court.

Because plaintiff's complaint does not include clear allegations stating a federal claim or establishing subject matter jurisdiction, the court will dismiss the case without prejudice. But the court will give plaintiff the opportunity to file an amended complaint that establishes subject matter jurisdiction. If he files an amended complaint by the date below, the court will screen the complaint under § 1915(e).

ORDER

IT IS ORDERED that:

1. Plaintiff Justin Dean Stendahl's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. Plaintiff may have until **September 25, 2026**, to file an amended complaint that establishes subject matter jurisdiction either based on a claim arising under federal law, 28 U.S.C. § 1331, or based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 25th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge